## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS GRESH,** | : | **CIVIL ACTION NO. 1:15-CV-1466** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **HUNTINGDON COUNTY,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

Plaintiff Dennis Gresh ("Gresh") filed the above-captioned action alleging Fourth Amendment and due process claims pursuant to 42 U.S.C. § 1983 and state law claims for civil conspiracy and tortious interference with a contractual relationship. In the court's memorandum opinion (Doc. 89) and order (Doc. 39) dated March 24, 2016, the court dismissed Gresh's first complaint without prejudice. Gresh subsequently filed an amended complaint. (Doc. 40). Presently before the court are three motions (Docs. 43, 45, 47) to dismiss filed by (1) Huntingdon County ("the County"), Sheriff William G. Walters, Chief Deputy Mark Foor, Sergeant Jeff Leonard, Deputy Dan McCartney, Deputy Tammy S. Foor, and Deputy Larry Cressman (collectively, "the Huntingdon County defendants"); (2) the Huntingdon County Agricultural Association ("Agricultural Association"); and (3) Bartlebaugh Amusements, Inc. ("Bartlebaugh Amusements"). For the reasons that follow, the court will grant defendants' motions in part and deny them in part.

I.    **Factual Background & Procedural History**

The material facts are set forth in the court's March 24, 2016 decision, <u>Gresh</u>

<u>v. Huntingdon County</u>, No. 1:15-CV-1466, 2016 WL 1162320, at *1-2 (M.D. Pa. March

24, 2016) ("<u>Gresh I</u>"), familiarity with which is presumed.  The facts pertinent to this

matter are reiterated and elaborated as appropriate below.

Gresh filed the original complaint (Doc. 1) against the Huntingdon County

defendants, the Agricultural Association, and Bartlebaugh Amusements on July 29,

2015.  Gresh asserted Fourth Amendment and procedural due process claims under

42 U.S.C. § 1983, and state law claims for assault, battery, false imprisonment, IIED,

tortious interference with contract, and civil conspiracy against the Huntingdon

County defendants and the Huntingdon County Sheriff's Office ("Sheriff's Office").

(<u>Id.</u>)  Gresh also brought claims against the Agricultural Association and

Bartlebaugh Amusements alleging conspiracy to violate his constitutional rights.

(<u>Id.</u>)

Defendants filed three motions (Docs. 14, 23, 33) to dismiss Gresh's first

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fed. R.

Civ. P. 12(b)(6).  The court decided these motions in <u>Gresh I</u>.  First, the court

dismissed Gresh's Fourth Amendment and procedural due process claims against

the Sheriff's Office with prejudice.  <u>Id.</u> at *4.  The court subsequently dismissed

Gresh's Fourth Amendment and due process claims against the County without

prejudice because he failed to adequately plead a claim under <u>Monell v.</u>

<u>Department of Social Services</u>, 436 U.S. 658, 692 (1978).  <u>Gresh I</u>, 2016 WL 1162320,

at *3-4.  The court also dismissed, without prejudice, Gresh's procedural due

2

process claim against the Huntingdon County defendants, Section 1983 conspiracy claims against the Agricultural Association and Bartlebaugh Amusements, and state law claims including intentional infliction of emotional distress, tortious interference with contract, and civil conspiracy against the Huntingdon County defendants. Id. at *5-9. The court denied the individual Huntingdon County defendants' motion to dismiss with respect to Gresh's Fourth Amendment unlawful seizure claim and state law assault, battery, and false imprisonment claims. Id. at *4, 7. The court specifically granted Gresh leave to amend to allow him the opportunity to cure the complaint's deficiencies. Id.

Gresh filed an amended complaint (Doc. 40) on April 12, 2016. Gresh asserts the same claims in his amended complaint as his original complaint. (Docs. 1, 40). The Huntingdon County defendants, the Agricultural Association, and Bartlebaugh Amusements filed motions (Docs. 43, 45, 47) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motions are fully briefed and ripe for disposition.

## II.   **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). In addition to reviewing the facts contained in the complaint, the court may also consider "matters of public record,

orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id. at 131; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Courts should grant leave to amend before dismissing a curable pleading in civil rights actions.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,

482 F.3d 247, 251 (3d Cir. 2007); <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108

(3d Cir. 2002).  Courts need not grant leave to amend *sua sponte* in dismissing non-

civil rights claims pursuant to Rule 12(b)(6), <u>Fletcher-Harlee Corp.</u>, 482 F.3d at 251,

but leave is broadly encouraged "when justice so requires."  FED. R. CIV. P. 15(a)(2).

## III.   <u>Discussion</u>

Defendants collectively aver that Gresh's amended complaint fails to cure the

deficiencies that the court identified in his original complaint.  (Docs. 43, 45, 47).

Defendants accordingly assert that Gresh's amended complaint should be

dismissed with prejudice because the allegations contained therein, when taken as

true, do not establish plausible causes of action.  (Docs. 43, 45, 47).  Defendants

asseverate that Gresh's amended complaint adds no support to his *allegata* and that

the few amendments Gresh offers are speculative and derisory.  (Docs. 43, 45, 47).

Gresh counters that his amendments allow the court to infer facts and relationships

that establish the plausibility of his claims.  (Doc. 49 at 8; Doc. 50 at 9-14).

The court concludes that Gresh's has not sufficiently cured his complaint of

its defects.  The scant material that Gresh added to his complaint provides no facts

that "raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555.

With respect to his claims against the Huntingdon County defendants, Gresh's

vague reference to the sheriff's "system of 'private justice'" in his amended

complaint does not establish a policy or custom for purposes of a <u>Monell</u> claim.

(Doc. 50 at 7-8).  The amended complaint contains even fewer facts in support of the

civil conspiracy and tortious interference claims against the Huntingdon County

defendants.  Gresh instead offers conjecture as to how the Huntingdon County

defendants engaged in a conspiracy without offering any support for his assertions. (Id. at 11-14).

Gresh similarly fails to buttress his claims against the Agricultural Association and Bartlebaugh Amusements.  Gresh avers that these defendants were engaged in a conspiracy or sought to interfere in business relationships.  (Doc. 49 at 8).  To the extent Gresh alleges federal constitutional claims against the Agricultural Association or Bartlebaugh Amusements, Gresh's allegations plainly fail under Rule 12(b)(6) because he asserts them against non-state actors.  Plaintiffs "seeking to hold an individual liable under § 1983 must establish that [he or she] was deprived of a federal constitutional or statutory right by a state actor."  Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (citing Benn v. Universal Health Sys., 371 F.3d 165, 169-70 (3d Cir. 2004)).  Gresh does not allege that Bartlebaugh Amusements and the Agricultural Association are otherwise so associated with the state as to presume that these defendants' actions "may be fairly treated as that of the State itself."  Id. at 648 (quoting Boyle v. Governor's Veterans Outreach & Assistance Ctr., 925 F.2d 71, 76 (3d Cir. 1991)).  Gresh similarly submits no facts reinforcing his threadbare intentional infliction of emotional distress claim, yet repeats his demand for same.

The court is mindful that it should freely give leave to amend a complaint pursuant to Federal Rule of Civil Procedure 15(a).  Grayson, 293 F.3d at 108; see also Foman v. Davis, 371 U.S. 178, 182 (1962).  In this instance, the court has once before dismissed Gresh's complaint.  The court accordingly will dismiss the claims discussed *supra* with prejudice.  The court specifically notes, however, that in Gresh I the court denied the Huntingdon County defendants' motion (Doc. 14) to dismiss

with respect to Gresh's Fourth Amendment unlawful seizure claim and his state law claims for assault, battery, and false imprisonment.  <u>Gresh I</u>, 2016 WL 1162320, at *4-5, 7.  The court declines to disturb its ruling in <u>Gresh I</u> and will deny the Huntingdon County defendants' motion (Doc. 45) to dismiss with respect to these claims.

**IV.**   <u>**Conclusion**</u>

For all of the foregoing reasons, the court will grant in part and deny in part defendants' motions (Docs. 43, 45, 47) to dismiss.  An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        November 4, 2016