## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS GRESH,** | : | **CIVIL ACTION NO. 1:15-CV-1466** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **HUNTINGDON COUNTY,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 6th day of December, 2016, upon consideration of the motion (Doc. 73) to appoint counsel by *pro se* plaintiff Dennis Gresh ("Gresh"), wherein Gresh asserts that his limited knowledge of the law will severely inhibit his ability to investigate and prepare his case prior to trial, that this litigation involves complex legal and factual disputes that will be challenging for a *pro se* litigant to present at trial, and that he is unable to afford counsel, (id.), and it appearing that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel," Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)), but that Congress authorizes courts to "request an attorney to represent any person unable to afford counsel" on a *pro bono* basis if circumstances compel that result, see 28 U.S.C. § 1915(e)(1), and the court obliged to assess, as a threshold matter, whether the moving litigant's claim has "arguable merit in fact and law," Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), and finding that Gresh has satisfied this requirement by successful prosecution of his claim to this juncture, and, turning to consideration of the remaining factors

pertinent to appointment inquiries, to wit: the litigant's ability to present a case or defense, the complexity of the legal issues, the degree of factual investigation required, whether the case requires expert witness testimony, and whether the litigant can otherwise afford to retain counsel, see Parham, 126 F.3d at 457, the court finding that the substance of Gresh's remaining claims is complex and that trial of this matter may involve the presentation of conflicting testimony, to likely include Gresh's own testimonial account, which will most efficiently proceed with the assistance of counsel trained in the law and rules of evidence, and the court finding that the case requires additional factual investigation and that Gresh is unable to afford retained counsel, and the court noting, in conclusion, that § 1915(e) "gives district courts broad discretion to determine whether appointment of counsel is warranted," and that "the determination must be made on a case-by-case basis," Tabron, 6 F.3d at 157-58, and concluding that the circumstances of this case warrant appointment of *pro bono* counsel if available, it is hereby ORDERED that:

1. Gresh's motion (Doc. 73) to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) is conditionally GRANTED.

2. If counsel cannot be found to represent the *pro se* plaintiff, this conditional order appointing counsel will be revoked, and plaintiff will be required to proceed in this matter without counsel.

3. The Clerk of Court is directed to forward to the pro bono chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association copies of the following documents: (i) this order, (ii) Gresh's amended complaint (Doc. 40), and (iii) the memorandum opinions (Docs. 38, 74) and orders (Docs. 39, 75) granting in part and denying in part defendants' motions (Docs. 43, 45, 47) to dismiss.

4.      Within sixty (60) days of the date of this order, the *pro bono* chair of
the Middle District of Pennsylvania Chapter of the Federal Bar
Association shall notify the court in writing whether a volunteer
attorney will enter an appearance on behalf of plaintiff.

5.      Nothing in this order shall alter, amend, or otherwise supersede the
pretrial case management deadlines established by separate order of
today's date.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania